## UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS

In re

BAY AREA REGIONAL MEDICAL CENTER,
LLC

        Debtor.

-----------------------------------------------------------x

SANDRA HOOD, HARRY BOWERS and
TIFFANY THALHEIMER on behalf of themselves
and all others similarly situated,

        Plaintiffs,

        v.

BAY AREA REGIONAL MEDICAL CENTER,
LLC and MEDICAL PROPERTY HOSPITAL,
LLC (f/k/a Medistar SLN GP, LLC),

        Defendants.

-----------------------------------------------------------

Chapter 7
Case No. 19-70013

Adversary Proceeding
No._____

CLASS ACTION ADVERSARY
PROCEEDING COMPLAINT

### CLASS ACTION ADVERSARY PROCEEDING COMPLAINT

Sandra Hood, Harry Bowers and Tiffany Thalheimer ("Plaintiffs") by and through undersigned counsel, on behalf of themselves and all other similarly situated persons, as and for their complaint against Bay Area Regional Medical Center, LLC and Medical Property Hospital, LLC (f/k/a Medistar SLN GP, LLC) ("Defendants"), allege as follows:

### JURISDICTION AND VENUE

1.      This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157, 1331, 1334 and 1367.

2.      This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (B) and (O).

## NATURE OF THE ACTION

3.      This is a class action for the recovery by Plaintiffs and other similarly situated employees of the Defendants of damages in the amount of 60 days' pay and ERISA benefits by reason of Defendants' violation of the Plaintiffs' rights under the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 et seq. ("WARN Act"). The Plaintiffs and the other similarly situated employees were employees of the Defendants as a single employer until they were terminated as part of, or as a result of a plant closing as defined by the WARN Act ordered by the Defendants on or about May 4, 2018 and thereafter. Pursuant to the WARN Act, the Defendants constituted a "single employer".  As such, the Defendants violated the WARN Act by failing to give the Plaintiffs and other similarly situated employees of the Defendants at least 60 days' advance written notice of termination, as required by the WARN Act.  As a consequence, the Plaintiffs and other similarly situated employees of the Defendant are entitled under the WARN Act to recover from the Defendants their wages and ERISA benefits for 60 days, none of which has been paid.

## PARTIES

*4.*      Upon information and belief, at all relevant times, Defendant Bay Area Regional Medical Center, LLC ("Bay Medical") was incorporated in the state of Texas and maintained a facility located at 200 Blossom St, Webster, TX 77598.

5.      Upon information and belief, at all relevant times, Defendant Medical Property Hospital, LLC (f/k/a Medistar SLN GP, LLC) ("MPH") is a Texas corporation with its principal place of business located at 7670 Woodway Dr #160 Houston, TX 77063.

6.      Upon information and belief, at all relevant times, Defendants, as a single employer jointly maintained, owned, and operated a facility located at 200 Blossom St, Webster, TX 77598 (the "Facility").

2

7.     On or about January 10, 2019 Defendant Bay Medical filed with this Court a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code.

8.     Plaintiff Sandra Hood worked at the Facility and was nominally employed by Defendant Bay Medical, and pursuant to the WARN Act, by Defendants as a single employer until her termination on or about May 4, 2018.

9.     Plaintiff Harry Bowers worked at the Facility and was nominally employed by Defendant Bay Medical, and pursuant to the WARN Act, by Defendants as a single employer until his termination on or about May 4, 2018.

10.     Plaintiff Tiffany Thalheimer worked at the Facility and was nominally employed by Defendant Bay Medical, and pursuant to the WARN Act, by Defendants as a single employer until her termination on or about May 4, 2018.

11.     Until their termination by Defendants, the Plaintiffs and other similarly situated persons were employees of Defendants who worked at or reported to the Defendants' Facility and who were terminated as part of or as a reasonably foreseeable result of a plant closing ordered and carried out by the Defendants as a single employer on or about May 4, 2018.

12.     The Plaintiffs bring this action on their own behalf and, pursuant to Rules 7023(a) and (b) of the Federal Rules of Bankruptcy, Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure and the WARN Act, 29 U.S.C. § 2104(a)(5), on behalf of all other employees of the Defendants who also worked at the Facility, and who were terminated as part of or as the foreseeable result of a Plant Closing at the Facility ordered by Defendants on or about May 4, 2018 and thereafter (collectively, "the Class").

13.     Upon information and belief, Defendants constituted a "single employer" of the Plaintiffs and the other Class members in that among other things:

3

(a)     The Defendants shared common ownership, officers and control.

(b)     Specifically, Monzer Hourani who is the director and manager of Bay Medical is also the President of MPH.

(c)     Bay Medical and MPH are both 100% owned by Monzer Hourani through subsidiary corporations.

(d)     At all times relevant hereto, Monzer Hourani maintained sole control over all decisions made by Bay Medical and MPH.

(e)     Specifically, upon information and belief, Monzer Hourani in his capacity as President and owner of MPH frequently visited the Facility and requested weekly reports from Bay Medical employees.

(f)     Rick Zachardy, the Vice President of MPH, was not an employee with Bay Medical, yet he frequented the Facility and was involved with the day to day operation of the Facility.

(g)     At all times relevant hereto, Monzer Hourani as the President and owner of MPH was the sole decision maker with respect to all matters related to the Facility and the employment of the class members.

(h)     Upon information and belief, at all times relevant hereto, Monzer Hourani ran Bay Medical and MPH as though they were a single corporation by comingling funds of each together with his own funds, and failing to keep separate records for each entity, and failing to conduct corporate meetings, or keep any minutes or records of any meetings.

(i)     Upon information and belief, transactions between Bay Medical and MPH, were not conducted on an arm's length basis.

4

(j)     On information and belief, the decision to shut down the Facility without providing proper WARN notice was made by all of the Defendants as a single employer.

## CLASS ACTION ALLEGATIONS 29 U.S.C. § 2104

14.     The Plaintiffs and each person they seek to represent herein, were discharged on or about May 4, 2018 and thereafter without cause on his or her part and are "affected employees" within the meaning of 29 U.S.C. § 2101(a)(5).

15.     The Plaintiffs bring this action on their own behalf and, pursuant to the WARN Act, and Rules 7023(a) and (b)(3) of the Federal Rules of Bankruptcy and Rules 23(a) and (b) of the Federal Rules of Civil Procedure, on behalf of all other similarly situated former employees of Defendants who were terminated on or about May 4, 2018 and thereafter, who worked at the Facility until their terminations.

16.     On or about May 4, 2018 and thereafter, Defendants terminated the Plaintiffs' employment as part of a plant closing which qualifies as an event for which they were entitled to receive to sixty (60) days' advance written notice under the WARN Act.

17.     Defendants as a single employer never gave Plaintiffs the statutorily required sixty (60) days advance written notice of the plant closing in violation of the WARN Act.

18.     At or about the time that the Plaintiffs were discharged on or about May 4, 2018 and thereafter, Defendants discharged approximately 900 other employees at the Facility (the "Other Similarly Situated Former Employees") without cause on their part.

19.     Pursuant to WARN Act 29 U.S.C. § 2104(a)(5), the Plaintiffs maintain this claim on behalf of each of the Other Similarly Situated Former Employees and for his or her benefit.

20.     Each of the Other Similarly Situated Former Employees is similarly situated to the Plaintiffs in respect to his or her rights under the WARN Act.

21.     The Plaintiffs and the Other Similarly Situated Former Employees were discharged by Defendants, without cause on their part.

22.     The Plaintiffs and each of the Other Similarly Situated Former Employees are "affected employees" within the meaning of WARN Act 29 U.S.C. § 2101(a)(5).

23.     Defendants were required by the WARN Act to give the Plaintiffs and the Other Similarly Situated Former Employees at least sixty (60) days prior written notice of their respective terminations.

24.     Prior to their termination, neither the Plaintiffs nor the Other Similarly Situated Former Employees received written notice that complied with the requirements of the WARN Act.

25.     Defendants failed to pay the Plaintiffs and the Other Similarly Situated Former Employees their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for sixty (60) calendar days following their respective terminations and failed to make the 401(k) contributions and provide health insurance coverage and other employee benefits under ERISA in respect to them for sixty (60) calendar days from and after the dates of their respective terminations.

## CLASS ACTION ALLEGATIONS RULE 7023 (a) and (b)

26.     The Plaintiffs assert this claim on behalf of themselves and the Other Similarly Situated Former Employees pursuant to Rules 7023(a) and (b)(3) of the Federal Rules of Bankruptcy and Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure.

27.     The Plaintiffs and the Other Similarly Situated Former Employees constitute a class

6

within the meaning of Rules 7023(a) and (b)(3) of the Federal Rules of Bankruptcy and Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure (The "Class").

28.     Common questions of law and fact are applicable to all members of the Class.

29.     The common questions of law and fact arise from and concern the following facts and actions, among others, that Defendants committed or failed to commit as to all members of the Class: all Class members enjoyed the protection of the WARN Act; all Class members were employees of Defendants who, prior to the terminations, worked at the Facility; Defendants as a single employer terminated the employment of all the members of the Class without cause on their part without giving them at least sixty (60) days' prior written notice as required by the WARN Act; and Defendants failed to pay the Class members wages and to provide other employee benefits for the sixty (60) day period following their respective terminations.

30.     The questions of law and fact common to the members of the Class, as above noted, predominate over any questions affecting only individual members, and thus, this Class claim is superior to other available methods for the fair and efficient adjudication of this controversy.

31.     The Plaintiffs' claims are typical of the claims of other members of the Class in that for each of the several acts described above.

32.     The Plaintiffs will fairly and adequately protect and represent the interests of the Class.

33.     The Plaintiffs have the time and resources to prosecute this action and has retained counsel who have had extensive experience in matters involving employee rights, the WARN Act, class action litigation and bankruptcy court litigation.

34.     The Class is so numerous as to render joinder of all members impracticable as there are approximately 900 persons who are included in the Class.

7

35.     The Class meets the requirements of Fed. R. Civ. P. 23(a) for class certification.

36.     The Class meets the requirements of Fed. R. Civ. P. 23(b)(3) because the questions of law or fact common to the members of the Class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

37.     No Class member has an interest in individually controlling the prosecution of a separate action under the WARN Act.

38.     No litigation concerning the WARN Act rights of any Class member has been commenced.

39.     Concentrating all the potential litigation concerning the WARN Act rights of the Class members in this Court will avoid a multiplicity of suits, will conserve judicial resources and the resources of the parties and is the most efficient means of resolving the WARN Act rights of all the Class members.

40.     On information and belief, the identities of the Class members are contained in the books and records of Defendants.

41.     On information and belief, a recent residence address of each of the Class members is contained in the books and records of Defendants.

42.     On information and belief, the rate of pay and benefits that were being paid by Defendants to each Class member at the time of his/her termination are contained in the books and records of Defendants.

43.     As a result of Defendants' violation of the WARN Act, the Plaintiffs and the other members of the Class have been damaged in amounts equal to the sum of: (a) their respective lost wages, salaries, commissions, bonuses, accrued holiday pay, accrued vacation pay, 401(k)

8

contributions for sixty (60) days; (b) the health and medical insurance and other fringe benefits that they would have received or had the benefit of receiving, for a period of sixty (60) days after the dates of their respective terminations; and (c) medical expenses incurred during such period by such persons that would have been covered and paid under the then applicable employee benefit plans had that coverage continued for that period.

## THE CLAIM FOR RELIEF

44.     At all relevant times, the Defendants employed 100 or more employees (exclusive of part-time employees, i.e., those employees who had worked fewer than 6 of the 12 months prior to the date notice was required to be given or who had worked fewer than an average of 20 hours per week during the 60 day period prior to the date notice was required to be given (the "Part-Time Employees")), or employed 100 or more employees who in the aggregate worked at least 4,000 hours per week exclusive of hours of overtime within the United States.

45.     At all relevant times, each Defendant was an "employer," as that term is defined in the WARN Act and continued to operate as a business until it determined to order a plant closing at the Facility.

46.     On or about May 4, 2018 and thereafter the Defendants as a single employer ordered a "plant closing" at the Facility, as that term is defined by the WARN Act.

47.     The plant closing at the Facility resulted in "employment losses," as that term is defined by the WARN Act for at least fifty (50) of Defendant's employees as well as 33% of Defendants' workforce at the Facility, excluding "part-time employees," as that term is defined by the WARN Act.

48.     The Plaintiffs and each of the other members of the Class were discharged by the Defendants without cause on his or her part as part of or as the reasonably foreseeable result of the

plant closing ordered by the Defendants at the Facility.

49.     The Plaintiffs and each of the other members of the Class are "affected employees" of the Defendants within the meaning of the WARN Act.

50.     The Defendants were required by the WARN Act to give the Plaintiffs and each of the other members of the Class at least 60 days advance written notice of his or her termination.

51.     The Defendants failed to give the Plaintiffs and other members of the Class written notice that complied with the requirements of the WARN Act.

52.     The Plaintiffs and each of the other members of the Class are "aggrieved employees" of the Defendants as that term is defined in the WARN Act.

53.     The Defendants failed to pay the Plaintiffs and each of the other members of the Class their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for 60 days following their respective terminations and failed to make the pension and 401(k) contributions and provide employee benefits under ERISA, other than health insurance, for 60 days from and after the dates of their respective terminations.

54.     The relief sought in this proceeding is equitable in nature.

**WHEREFORE**, Plaintiff on his own behalf and on behalf of the other Class members demand judgment, jointly and severally, against Defendant as follows:

A.     An allowed  priority claim pursuant to 11 U.S.C. § 507(a)(4) and (5) up to $12,850 against Bay Medical in favor of the Plaintiffs and Class members equal to the sum of: (a) unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay, pension and 401(k) contributions and other ERISA benefits, for a maximum of 60 days, that would have been covered and paid under the then applicable employee benefit plans had that coverage continued

10

for that period, all determined in accordance with the WARN Act, 29 U.S.C. §2104(a)(1)(A), with any remainder as a general unsecured claim;

B.     A judgment against MPH in favor of the Plaintiffs for the sum of: (a) unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay, pension and 401(k) contributions and other ERISA benefits, for a maximum of 60 days, that would have been covered and paid under the then applicable employee benefit plans had that coverage continued for that period, all determined in accordance with the WARN Act, 29 U.S.C. §2104(a)(1)(A);

C.     Certification that the Plaintiffs and the other Class members constitute a single class;

D.     Appointment of the undersigned attorneys as Class Counsel;

E.     Appointment of Plaintiffs as the Class Representatives and payment of reasonable compensation to them for their services as such;

F.     An allowed administrative priority claim against Bay Medical under 11 U.S.C. § 503 for the reasonable attorneys' fees and the costs and disbursements that the Plaintiffs incur in prosecuting this action, as authorized by the WARN Act, 29 U.S.C. § 2104(a)(6);

G.     A judgment against MPH for the reasonable attorneys' fees and the costs and disbursements that the Plaintiffs incur in prosecuting this action, as authorized by the WARN Act, 29 U.S.C. § 2104(a)(6);        and

H.     Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

January 10, 2019

By: /s/ Gabe Perez ___
ZENDEH DEL & ASSOCIATES, PLLC
Gabe Perez, SBA 24099475
Jonathan Zendeh Del, SBN 24075331
1813 61st Street, Suite 101
Galveston, Texas 77551
P: (409) 740-1111
F: (409) 515-5007

LANKENAU & MILLER, LLP
Stuart J. Miller (SJM 4276)
132 Nassau Street, Suite 1100
New York, NY 10038
P: (212) 581-5005
F: (212) 581-2122

THE GARDNER FIRM, P.C.
Mary E. Olsen (OLSEM4818)
M. Vance McCrary (MCCRM4402)
The Gardner Firm, P.C.
182 St. Francis Street, Suite 103 10 Mobile,
AL 36602
Telephone: (251) 433-8100
Facsimile: (251) 433-8181

*Attorneys for Plaintiffs and the Proposed
Class*